## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | |
|---|---|
| JOHNNIE RICHARDSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| vs. ) | |
| ) | |
| CONSUMER RECOVERY ASSOCIATES, ) | **JURY DEMAND ENDORSED HEREON** |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, JOHNNIE RICHARDSON, JR., by and through his attorney, M. LYNETTE HARTSELL, and for his Complaint against the Defendant, CONSUMER RECOVERY ASSOCIATES, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Debt Collection Act (NCDCA), N.C. Gen. Stat. § 75-50, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*., and the NCDCA, N.C. Gen. Stat. § 75-50, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Charlotte, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 75-50(1), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and N.C. Gen. Stat. § 75-50(3), in that it held itself out to be a company collecting a consumer debt allegedly owed to Bank of America.

6. On information and belief, Defendant is a corporation of the State of Virginia, which is licensed to do business in North Carolina and which has its principal place of business in Virginia Beach, Virginia.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During or about June of 2009, representatives of Defendant, including but not limited to Chris Adams, began placing telephone calls to Plaintiff in attempts to collect the aforementioned alleged debt.

8. On the first occasion when Mr. Adams and/or another representative of Defendant placed a telephone call to Plaintiff at his place of employment, Plaintiff advised Defendant's representative that he was not allowed to receive such calls while he was working and requested that Defendant not contact him again at his place of employment. However, Defendant's representative(s) continued placing calls to Plaintiff at his place of employment.

9. During various conversations between Mr. Adams and/or another representative of Defendant and Plaintiff, Defendant's representative(s) threatened Plaintiff with "criminal

charges" and threatened to "file a judgment" against Plaintiff, despite the fact that no lawsuit has been filed against Plaintiff.

10. In approximately December of 2005, Plaintiff's Bank of America credit card was paid in full, then stolen and subsequently cancelled by Plaintiff. Therefore, Plaintiff is not responsible for any additional charges on the account and any legal action against Plaintiff would be beyond the applicable statute of limitations.

11. In addition, during each conversation with Plaintiff, Defendant's representatives failed to always advise Plaintiff that the communication was from a debt collector.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Communicating with Plaintiff at his place of employment after he advised Defendant that his employer prohibited him from receiving phone calls while he is at work, in violation of 15 U.S.C. § 1692c(a)(3);

    b. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5);

    c. Falsely representing the character, amount and/or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A);

    d. Representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff, and/or the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

3

e. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

f. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

g. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

h. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOHNNIE RICHARDSON, JR., respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 for each violation of the FDCPA;

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Debt Collection Act)

14. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

15. In its attempts to collect the aforementioned alleged debt, Defendant violated the NCDCA in one or more of the following ways:

   a. Communicating with Plaintiff at his place of employment after he advised Defendant that his employer prohibited him from receiving phone calls while he is at work, in violation of N.C. Gen. Stat. § 75-52(3) and (4);

   b. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass Plaintiff, in violation of N.C. Gen. Stat. § 75-52(3);

   c. Falsely representing the character, amount and/or legal status of a debt, in violation of N.C. Gen. Stat. § 75-54(4);

   d. Representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff, and/or the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of N.C. Gen. Stat. § 75-51;

   e. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 75-51(8);

   f. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of N.C. Gen. Stat. § 75-51(2);

   g. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of N.C. Gen. Stat. § 75-54(2); and

h. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCDCA.

16. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOHNNIE RICHARDSON, JR., respectfully prays for judgment against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 595-9111, ext. 713 (phone)
(866) 382-0092 (facsimile)
Lynette@LuxenburgLevin.com